# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| United Financial Casualty Co., | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-cv-106 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Steven Alley, Sr., | ) | [Re: Motion at docket 7] |
| | ) | |
| Defendant. | ) | |

## I.  MOTION PRESENTED

At docket 7, proposed intervener defendant Steven Alley, II ("Steven") moves for leave to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).  Plaintiff United Financial Casualty Co. ("United") opposes at docket 10.  Steven replies at docket 12.  Oral argument was not requested and would not assist the court.

## II. DISCUSSION

United issued a commercial automobile insurance policy ("Policy") applicable to a 1982 Western 480 dump truck ("Dump Truck") owned by Steven Alley, Sr. ("Senior") with $750,000 in liability coverage which was in effect at the time of the accident underlying this litigation.  That accident took place on September 18, 2013, when Senior was driving his 2000 Chevrolet pickup ("Pickup") from Valdez to Fairbanks and

lost control of the Pickup which went off the road. Steven was a passenger in the Pickup. He was badly injured in the accident. Senior had the Pickup insured with State Farm Automobile Insurance Company ("State Farm") pursuant to a State Farm policy having a liability limit of $50,000/person and $100,000/accident. Steven suffered damages in excess of the State Farm liability limit.

Steven's lawyer made a demand on United for payment of the $750,000 liability limit under the Policy, asserting that the coverage for the Dump Truck is somehow applicable to the Pickup. United filed the instant action on June 26, 2015, seeking a declaration that United has no duty under the Policy to provide liability coverage for the accident involving the Pickup.

This court has jurisdiction based on the diversity of citizenship between United and Senior.[1]

### III. DISCUSSION

As pertinent here, Rule 24 provides that if a timely motion is made, the court may permit intervention in a lawsuit by a party who "has a claim or defense that shares with the main action a common question of law or fact."[2] The motion is clearly timely. The common question asserted by Steven is whether the Policy provides coverage for the accident involving the Pickup.

A leading treatise has explained the extent of the court's discretion when assessing a motion to intervene: If there is no right to intervene under Rule 24(a), it is

---

[1] 28 U.S.C. § 1332.

[2] Fed. R. Civ. P. 24(b)(1)(B).

2

wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."[3]

United contends that intervention should not be allowed, because Steven himself has no claim which he could pursue against United. Under the law of Alaska, which applies here, that is true. In *Severson v. Estate of Severson*, the Alaska Supreme Court held that a tort victim cannot maintain an action against the tortfeasor's insurer.[4] Steven argues that this case presents an intra-family tort dispute which should take it beyond the reach of the basic rule prohibiting the victim from suing the tortfeasor's insurer. He cites *Myers v. Robertson*.[5] That case does not support Steven's position. There, the issue was whether the availability of insurance should be disclosed to the jury in an intra-family tort case. The Alaska court wrote:

> Without explaining the basic alignment of the parties, and the Robertsons' role as purely nominal defendants, there was a risk of confusing the jurors and unfairly prejudicing them against the plaintiff. In reaching this result, we do not overrule *Severson* . . . .[6]

The court now focuses on the text of the rule which governs intervention. It states that permissive intervention may be allowed when the would be intervener has a "claim or defense" which shares a common question with the case already before the

---

[3] 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed.)

[4] 627 P.2d 649, 651 (Alaska 1981). *See also, Evron v. Gilo*, 777 P.2d 182, 187 (Alaska 1989) (declining to re-examine the rule stated in *Severson*).

[5] 891 P.2d 199, 208 (Alaska 1995).

[6] *Id*.

3

court.[7] The word "claim" in this context clearly means a "claim for relief," which is the phrase used in Rule 8.[8] Here, by virtue of Alaska law, Steven cannot plead a claim for relief against United. By like token, Steven cannot present a "defense," because United has not pled any claim against Steven.

To be sure, Steven has a financial interest in the outcome of United's suit against Senior, but having an interest in the outcome is not equivalent to having a claim or defense. There are many circumstances in which one person may have an interest in the outcome of litigation against someone else, but yet not have a claim or defense which could be pled in the litigation. For example, any creditor of a defendant may have an interest in the outcome of a lawsuit, because the defendant-debtor's financial viability affects the creditor's ability to get paid.

Steven's lawyer paints a sympathetic picture of Steven's circumstances. However, the court declines to allow sympathy for Steven's situation to trump adherence to the controlling state substantive law and federal procedural rules.

### III. CONCLUSION

For the reasons above, this court exercises its discretion to deny the request to intervene. The motion at docket 7 is **DENIED**.

DATED this 3rd day of September 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Fed. R. Civ. P. 24(b)(1)(B).

[8] Fed. R. Civ. P. 8(a).

4